UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN J. COVINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-01683-JMS-DML |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons discussed in this Order, Justin Covington's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Legal Standard**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice" *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## II. Factual Background

In November 2017, a federal grand jury returned an indictment against Mr. Covington charging him with one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Covington*, 1:17-cr-00223-JMS-DML ("Crim. Dkt."), dkt. 10. A superseding indictment was returned in December 2017, and Mr. Covington was charged with two counts of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Crim. Dkt. 24.

In April 2018, Mr. Covington submitted a petition to enter a plea of guilty and request for presentence investigation. Crim. Dkt. 61. He pleaded guilty to both counts of the superseding indictment without the benefit of a plea agreement. *Id.* Prior to his change of plea and sentencing hearing, Mr. Covington and the United States entered a stipulated factual basis for Mr. Covington's guilty plea. Crim. Dkt. 70. The stipulated factual basis included the following paragraph:

> g.      Prior to his possession of the above-described firearm, Covington was convicted of the following crimes, punishable by a term of imprisonment exceeding one year: Criminal Trespass, in the Marion County, Indiana, Superior Court, on or about November 4, 2013, and Dealing in Marijuana, in the Marion County, Indiana, Superior Court, on or about October 20, 2011.

*Id.*

The Court conducted a change of plea and sentencing hearing on July 20, 2018. Crim. Dkt. 71. At this hearing, Mr. Covington acknowledge that the signature on the stipulated factual basis was his, that he signed the stipulated factual basis after reading it, and that the information in the stipulated factual basis was true. Crim. Dkt. 155 at 12:22-13:10. Mr. Covington then pleaded guilty to the two counts of unlawful possession of a firearm, and the Court accepted his plea. *Id.* at 14:4-17. The Court imposed an aggregate sentence of 48 months' imprisonment and three years' supervised release. *Id.* at 42:6-43:16; *see also* Crim. Dkt. 74 (judgment). Mr. Covington did not appeal his convictions or sentence.

On June 19, 2020, Mr. Covington filed a motion for relief pursuant to 28 U.S.C. § 2255 based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Dkt. 1. The United States responded, dkt. 10, but Mr. Covington did not file a reply.

### III. Discussion

Mr. Covington argues that, in light of *Rehaif*, his guilty plea is void because the Court accepted the plea "without advising Mr. Covington of the element requiring knowledge of his prohibited status under § 922(g)." Dkt. 1 at 2. The United States contends that Mr. Covington has procedurally defaulted this claim and that, notwithstanding default, Mr. Covington is not entitled to relief because he cannot establish a reasonable doubt that he was unaware of his status as a convicted felon. Dkt. 10 at 6-11.

In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif*, 139 S. Ct. at 2200. In other words, under *Rehaif*, the United States' burden includes proving beyond a reasonable doubt that Mr. Covington knew, at the time of the offense, he had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); *see also United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020). However, when a defendant seeks to invalidate his guilty plea on the basis of a *Rehaif* error, "the burden of persuasion rests on the defendant." *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020). "To meet this burden, a defendant must show a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*." *Id.*

Mr. Covington has not shown a reasonable probability that he would not have pleaded guilty. First, in the stipulated factual basis, Mr. Covington admitted that he had been convicted of at least two felonies prior to his possession of the firearm. *See* Crim. Dkt. 70. Because of this admission, it would be difficult for Mr. Covington to assert that he did not know of his status as a convicted felon and argue that the United States could not establish that element beyond a reasonable doubt. Additionally, the presentence investigation report identified several prior convictions in the discussion of Mr. Covington's criminal history. Crim. Dkt. 65 at ¶¶ 37-47. These prior convictions included the two felony convictions identified in the stipulated factual basis and a third felony conviction for criminal trespass in 2011. *Id.* In light of his stipulated factual basis and his three felony convictions, Mr. Covington cannot genuinely argue now that he would not have pleaded guilty had he known about the knowledge of status element discussed in *Rehaif*.

Because he cannot establish a reasonable probability that he would not have pleaded guilty, Mr. Covington is not entitled to habeas relief under § 2255.

## IV. Conclusion

For the reasons explained in this Order, Mr. Covington is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the clerk **shall docket a copy of this Order in 1:17-cr-00223-JMS-DML-1**. The motion to vacate, dkt. [146], shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014).

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Covington has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED.**

Date: 2/23/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kendra.klump@usdoj.gov

Sara Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org